**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** | Case No. |
| **Plaintiff,** | _____ |
| **vs.** | |
| **ALTER EGO'Z SPORTS BAR & GRILL INC. and KEION S. TAYLOR**, | |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

## DESIGNATION:  PROPERTY RIGHTS

## JURISDICTION

1.      Plaintiff seeks relief for the Defendants' violations of the Communications Act of 1934, as amended, Title 47 U.S.C. Section 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq.*

2.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.      This Court has personal jurisdiction over the parties in this action as a result of the

Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Georgia.

## VENUE

4.     Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Southern District of Georgia, Augusta Division, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5.     The Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, CA 95008.

6.     Defendant Alter Ego'z Sports Bar & Grill Inc. is a Georgia corporation with its principal place of business located at P.O. Box 5090, Augusta, GA 30916 and does business as Alter Ego'z Sports Bar & Grill operating at 1721 Gordon Highway, Augusta, GA 30906. Defendant Alter Ego'z Sports Bar & Grill Inc. is subject to the venue and jurisdiction of this court.

7.      Upon information and belief, in September 2014 Defendant Keion S. Taylor was the controlling manager and/or owner of the commercial establishment doing business as Alter Ego'z Sports Bar & Grill operating at 1721 Gordon Highway, Augusta, GA 30906. Defendant Taylor is subject to the venue and jurisdiction of this Court.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

8.      Plaintiff had the exclusive nationwide television distribution rights to *"Mayhem" Floyd Mayweather, Jr. v. Marcos Rene Maidana – WBC World Lightweight Championship Fight Program* which took place on September 13, 2014 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

9.      Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Georgia, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

10.     As a commercial distributor of sporting events, including the Program, Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

11.     Defendants Alter Ego'z Sports Bar & Grill Inc. and Keion S. Taylor did not contract with the Plaintiff or pay the necessary sublicense fee required to obtain the Program for their commercial establishment.  Therefore, they did not have any authorization to show the Program.

12.     On September 13, 2014 the Program was shown at Alter Ego'z Sports Bar & Grill located at 1721 Gordon Highway, Augusta, GA 30906.

13.     Defendants Alter Ego'z Sports Bar & Grill Inc. and Keion S. Taylor unlawfully showed the Program at Alter Ego'z Sports Bar & Grill on the night of September 13, 2014 with full knowledge that the Program was not to be intercepted, received and exhibited by them because they did not have authorization.

14.     Defendant Keion S. Taylor, as a controlling manager and/or owner of Alter Ego'z Sports Bar & Grill in September 2014, had the right and ability to supervise the display of the Program at Alter Ego'z Sports Bar & Grill.

15.     The unauthorized interception, publication, exhibition and divulgence of the Program was done willfully since Defendants Alter Ego'z Sports Bar & Grill Inc. and Keion S. Taylor used a deliberate act to receive the Event which was unauthorized and it was done for purposes of commercial advantage and private financial gain.

16.     Defendant Keion S. Taylor, as controlling manager and/or owner of Alter Ego'z

Sports Bar & Grill, had a strong financial interest in intercepting and exhibiting Plaintiff's

Program on September 13, 2014.


17.     Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of

communications (such as the transmission for which Plaintiff had the distribution rights

thereto) and prohibits individuals from assisting in the unauthorized publication or use of

such communications.


18.     By reason of the aforesaid mentioned conduct, Defendants Alter Ego'z Sports Bar

& Grill Inc. and Keion S. Taylor violated Title 47 U.S.C. Section 605, *et seq.* since they

were not authorized to show the Program at Alter Ego'z Sports Bar & Grill.


19.     By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq.*,

Plaintiff has a private right of action.


20.     As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section

605 Plaintiff is entitled to the following from Defendants:

   (a)     Statutory damages for each violation in an amount up to $10,000.00

            pursuant to Title 47 U.S.C. 605(e)(3)(C)(i)(II), and also

   (b)     Statutory damages for each willful violation in an amount up to

$100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

(c)     Recovery of full costs, including reasonable attorneys' fees, pursuant

to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

21.     Title 47 U.S.C. Section 553 *et seq.* prohibits the unauthorized interception, exhibition, publication, and divulgence of any communications service offered over a cable system.

22.     As previously stated, Plaintiff J & J Sports Productions, Inc. was granted the exclusive nationwide television distribution rights to the Program which took place on September 13, 2014.   The Program was only allowed to be exhibited in those commercial establishments which entered into a sublicensing agreement with Plaintiff and paid the required fee.

23.     Defendants Alter Ego'z Sports Bar & Grill Inc. and Keion S. Taylor ran, managed and exercised control over Alter Ego'z Sports Bar & Grill in September 2014.

24.     Plaintiff has no record of Defendant Alter Ego'z Sports Bar & Grill Inc. and/or

Keion S. Taylor ever entering into a sublicensing agreement with Plaintiff J & J Sports

Productions, Inc. or paying the required fee for the Program to be shown at Alter Ego'z

Sports Bar & Grill on September 13, 2014.


25.     Defendants Alter Ego'z Sports Bar & Grill Inc. and Keion S. Taylor used

unlawful means to receive the cable signal required to exhibit the Program.


26.     Defendant Keion S. Taylor had the right and ability to supervise the infringement

of Plaintiff's Program at Alter Ego'z Sports Bar & Grill.


27.     Defendant Keion S. Taylor also had a strong financial interest in the interception

and exhibition of the Program at Alter Ego'z Sports Bar & Grill.


28.     Because Defendants were not given authorization to show the Program at Alter

Ego'z Sports Bar & Grill on September 13, 2014, the aforementioned defendants violated

Title 47 U.S.C. Section 553, *et seq.*


29.     By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,*

Plaintiff has a private right of action.

29.    As the result of the Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff is

entitled to the following from defendants:

(a)    Statutory damages for each violation in an amount up to $10,000.00

pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

(b)    Statutory damages for each willful violation in an amount up to $50,000.00

pursuant Title 47 U.S.C. 553(c)(3)(B), and also

(c)    the recovery of full costs pursuant to Title 47 U.S.C. Section 553

(c)(2)(C), and also

(d)    in the discretion of this Honorable Court, reasonable attorneys fees,

pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.    For statutory damages in the amount of $10,000.00 against Defendants, and;

2.    Enhanced damages up to $100,000.00 against Defendants, and;

3.    For reasonable attorneys' fees pursuant to statute, and;

4.    For all costs of suit, including but not limited to filing fees, service of process

fees, investigative costs, and;

5.    For such other and further relief as this Honorable Court may deem just and

proper.

**As to the Second Count:**

1.      For statutory damages in the amount of $10,000.00 against Defendants, and;

2.      Enhanced damages up to $50,000.00 against Defendants and;

3.      For reasonable attorneys' fees as may be awarded in the Court's

        discretion pursuant to statute, and;

4.      For all costs of suit, including but not limited to filing fees, service of process

        fees, investigative costs, and;

5.      For such other and further relief as this Honorable Court may deem just and

        proper.

This the 26th day of March, 2018.

                                        Respectfully submitted,

                                        **RAGSDALE, BEALS, SEIGLER,**
                                          **PATTERSON & GRAY, LLP**

                                        By:   /s/ Ronald D. Reemsnyder
                                        Ronald D. Reemsnyder, Esquire
                                        Georgia Bar No. 597950
                                        135 Prominence Court, Suite 160
                                        Dawsonville, GA 30534
                                        Ph:  (706) 216-1272
                                        Fax:(706) 216-1278
                                        Email: rreemsnyder@rbspg.com

                                        Attorney for Plaintiff
                                        J & J Sports Productions, Inc.