IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-057 |
| | ) | |
| ALTER EGO'Z SPORTS BAR & GRILL, | ) | |
| INC., and KEION S. TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Before the Court is Defendants' joint motion requesting appointment of counsel and Plaintiff's motion to compel discovery. For the reasons set forth below, the Court **DENIES** Defendants' motion, (doc. no. 17), and **GRANTS** Plaintiff's motion, (doc. no. 16).

**I.      MOTION TO APPOINT COUNSEL**

On October 2, 2018, Defendant Keion S. Taylor filed a motion to appoint counsel to defend himself and Defendant Alter Ego'z Sports Bar & Grill Inc. ("Alter Ego'z"). (Doc. no. 17.) Defendant Taylor is proceeding *pro se* and Defendant Ego'z does not have an attorney of record. On June 22, 2018, the Court ordered Defendant Alter Ego'z to have an attorney enter a notice of appearance, explaining corporate entities may not proceed *pro se* in federal court. (Doc. no. 15 (citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.")).) Defendant

Alter Ego'z never did. Therefore, Defendant Alter Ego'z is required to obtain counsel as stated in the Court's June 22nd Order and must do so to litigate this case.

The law regarding appointment of counsel in civil litigation is well-settled:

> A court may request an attorney to represent a person that is unable to afford counsel. 28 U.S.C. § 1915(e)(1). However, a civil litigant has no constitutional right to the appointment of counsel. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). A court may only appoint counsel in a civil case where exceptional circumstances exist, and whether such circumstances exist is committed to the district court's discretion. Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1063 (11th Cir. 2013). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." Id. at 1065 (quotation omitted).

F.T.C. v. Lalonde, 545 F. App'x 825, 833 (11th Cir. 2013). After considering the motion, the Court finds appointment of counsel is unwarranted under these circumstances for both Defendant Taylor and Alter Ego'z. The filings, correspondence with opposing counsel, (see doc. nos. 13, 16-1, p. 2), and ability to communicate with the Court demonstrate Defendant Taylor is capable of litigating the essential merits of his position. See F.T.C. v. Lalonde, 545 F. App'x 825, 836-37 (11th Cir. 2013) (affirming denial of appointment of counsel to defendant who owned or controlled corporate defendants). Further, the Court is unaware of any authority either permitting or requiring appointment of counsel for corporate defendants. See e.g., Blanco GmbH + Co. KG v. Vlanco Industries, LLC, CASE NO. 12-61580-CIV-ROSENBAUM/SELTZER, 2012 WL 12838280, at *1 (S.D. Fla. November 19, 2012) (finding financial hardship did not warrant appointment of counsel to corporate defendants); Associated Builders Corp. v. United States, No. 01–D–654–S, 2001 WL

1191144, at *1 (M.D. Ala. October 10, 2001) (looking nationwide and finding no basis to appoint corporate defendants counsel). Therefore, the Court declines to appoint counsel.

## II. MOTION TO COMPEL

On September 19, 2018, Plaintiff filed a motion to compel, in which it also requests attorney's fees for costs incurred attempting to obtain discovery and bringing its motion. (Doc. no. 16.) Plaintiff described the numerous attempts to obtain responses to Plaintiff's requests for admission, interrogatories, and requests for production of documents. (Doc. no. 16-1, p. 2.) Plaintiff first sent discovery requests on June 21, 2018. (Id.) After Defendants failed to respond within thirty days, Plaintiff, in good faith, gave Defendants an additional two weeks to respond. (Id.) Defendants requested a meeting with Plaintiff's counsel, which was held on August 23, 2018. (Id.) At the meeting, the parties discussed the discovery requests. (Id.) However, Defendants still did not provide Plaintiff with the requested discovery after the meeting. (Id.) On September 6, 2018, Plaintiff reached out to Defendants one last time to obtain discovery, but Defendants did not respond. (Id.) On September 13, 2018, Plaintiff filed this motion to compel. Defendants have not filed a response.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Under Local Rule 7.5, failing to respond to a motion within the applicable time indicates there is no opposition. Thus, the Court treats Plaintiff's motion as unopposed. Having reviewed the unopposed motion, the Court finds Plaintiff's discovery requests are relevant and require disclosure.

As to Plaintiff's request for attorney's fees in its motion, (doc. no. 16, p. 1), a court granting a motion to compel "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Therefore, Plaintiff may file a supplementary brief in support of the request for attorney's fees within fourteen days of this Order, and Defendants shall have fourteen days from the date Plaintiff's brief is filed.

### III. CONCLUSION

Accordingly, the Court **DENIES** Defendant Taylor's motion to appoint counsel as to himself and Defendant Alter Ego'z, (doc. no. 17), **GRANTS** Plaintiff's motion to compel (doc. no. 16), and **ORDERS** Defendants to serve responses to all outstanding discovery requests attached as Exhibit A to Plaintiff's motion to compel, (see doc. no. 16, pp. 5-16), within fourteen days of this Order.

SO ORDERED this 5th day of October, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA